United States District Court

District of New Hampshire

John Barber

  Plaintiff                              Complaint

     V.                                  Civil Action No. 14-CV-98-JL

Richard Gerry Warden at NH State prison

Brian Hill Ex-Corrections Officer at NH State prison

Individually and in their official capacities,

  Defendants

## I. Jurisdiction and Venue

1.   This is a Civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under Color of State law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 USC Section 2283 and 2284 and Rule 65 of Federal Rules of Civil Procedure.

2.   The District of New Hampshire is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiffs

3. Plaintiff John Barber is and was at all times mentioned herein a prisoner of the State of New Hampshire in the custody of the New Hampshire Department of Corrections. He is currently confined in New Hampshire State Prison in Concord New Hampshire.

## III. Defendants

4. Defendant Richard Gerry is the warden of New Hampshire State Prison. He is legally responsible for the operation of New Hampshire State Prison and for the welfare of all the inmates of that prison.

5. Defendant Brian Hill was a Correctional officer of the New Hampshire Department of Corrections who, at all times mentioned in this Complaint, held rank of prison guard and was assigned to New Hampshire State Prison.

6. Each defendant is sued individually and in his official capacity. At all times mentioned in this Complaint each defendant acted under the color of state law.

## III. Facts

7. At all times relevent to this case, Plaintiff John Barber was housed in New Hampshire State prison's Special

Housing unit (SHU) and in Health Service Center (HSC)

8. On March 22, 2013 plaintiff John Barber was housed in SHU as a Max inmate(C5) on Alpha tier in Cell #1

9. Defendant Brian Hill came onto the tier with inmate Scott Collier. Defendant Brian Hill was passing out Books to the inmates who orderd them. Inmate Collier was holding the toilet Snake.(for un-clogging toilets)

10. When Defendant Brian Hill finished handing out Books him and inmate Collier began walking back twards the plaintiff John Barber's cell (Alpha 1)

11. Once in front of the plaintiff's cell Defendant Brian Hill stated to the plaintiff, "Your toilet is clogged Right?" the plaintiff Responded by saying "No it isnt." The Defendant Brian Hill then stated "I think it is" and purpously said over his radio "open Alpha 1". the Defendant then began to walk back twards the end of the tier.

12. Once the door opend inmate Collier entered the Plaintiff John Barbers cell and began assaulting him multiple times with closed fists causing the plaintiff physical pain and bumps on his head.

13. Defendant Brian Hill then entered plaintiff John Barbers cell and told inmate Collier to "stop" inmate Collier complied and exited the plaintiff's cell the Defendant Brian Hill followed and stated over his radio "close Alpha 1" Upon information and belief NH State prison prohibits inmates in SHU shouldnt Be around other inmates and or correctional officers while not in handcuffs.

14. Defendant Brian Hill Did not write any reports stateing that he witnessed inmate Collier Assaulting the plaintiff. Nor did he ever offer the plaintiff medical attention. Upon information and belief this incident was not the First incident where Defendant Brian Hill witnessed inmate Collier Assault the plaintiff John Barber nor is it the First time the Defendant Failed to report an assault that he witnessed.

15. Later that night the plaintiff John Barber was brought to medical and reported the assault to Nurse Cristal (LNU) Nurse Cristal (LNU) let Administration know of the plaintiff's Alligations

16. Plaintiff John Barber then spoke with Capt. (FNU) Gagliardi and Lt. (FNU) Orlando in regards to the assault. Plaintiff John Barber filled out a NH State prison Statment Form.

17. Plaintiff John Barber was walked Back to SHU From HSC and returned to his cell Alpha 1

18. Roughly 10 minutes later the plaintiff was escorted back to medical HSC and Placed in Isolation (ISO) #3

19. The plaintiff John Barber was told "the warden wants you housed here due to the Alligation." A "medical watch" sign was placed on the cell door that housed the plaintiff.

20. When the plaintiff John Barber asked why he was on "Medical watch" he was told he wasnt and "that was placed on the door so we have reason to house you here".

21. The plaintiff remained in HSC ISO #3 till March 28, 2013

22. In the plaintiff John Barbers 6 days in HSC ISO #3 he was only allowed to Shower on March 23, 2013 A Quick 3 minute shower and again on march 25, 2013 A 10 minute shower. The plaintiff wasnt allowed out of his cell Again till March 28 2013 Upon information and Belief the plaintiff should have recieved a minimum of 1 hour out of his cell A day.

23. In the 6 days the plaintiff John Barber was housed in HSC ISO #3 he asked multiple officers on First and Second Shift for out of cell time, Showers, clean clothes, tooth paste, tooth Brush and Cleaning Supplys to Clean his cell and a phone call to let family know what is going on. Plaintiff John Barber was told "medical isnt made for C5 (max) inmates" or "I'll see what I can do for you" or Flat out "NO"

24. The plaintiff John Barber was transfered to Rockingham County Department of corrections on March 28, 2013 till the investigation was over.

24. From Rockingham County DOC Plaintiff John Barber Filed 2 grievences one on Defendant Brian Hill and one on the fact he was placed in HSC for 6 Days With Just about Nothing Bolth grievences were Denied By Defendant Richard Gerry.

25. Plaintiff John Barber Appealed Both grievences to the Commissioner of NH State prison (William Wrenn) plaintiff only got a responce to the grievence about him being housed in HSC, and that grievence was denied. See Attachment A x 3

26. In the beginning of September 2013 the plaintiff once again Attempted to Appeal the wardens decision on the Assault grievence and once again the Plaintiff Never got a responce.

## IV Exhaustion of Legal Remedies

27. Plaintiff John Barber used the prisoner grievence procedure available at New Hampshire State prison to try and solve the problem. On April 28, 2013 plaintiff John Barber presented the facts relating to this Complaint. On April 30, 2013 John Barber was sent a response saying that the Grievense had Been denied. On May 5, 2013 Plaintiff John Barber appealed the denial of the grievences.

## V. Legal Claims

28. Plaintiffs reallege and incorporate by reference paragraphs 1-26.

29. The assault and unsanitary conditions violated Plaintiff John Barber's rights and constituted failure to protect and cruel and unusual punishment under the Eight Amendment to the United States Constitution.

30. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. Prayer for Relief

WHEREFORE, plaintiff respectfully prays that this Court enter Judgement granting plaintiff:

31. A declaration that the acts and omissions described herein violated plaintiffs rights under Constitution and laws of the United States.

32. A preliminary and permanent injunction ordering defendants Brian Hill and Richard Gerry to

Stop allowing inmates in NH State prison SHU and every other unit to assault other inmates. And to Stop housing C5(Max) inmates in HSC till HSC is 100% capable of housing C5 inmates. The plaintiff also asks that HSC be motafied so C5 inmates can be housed there and recieve what they have the right to.

33. Plaintiff John Barber Seeks Compensatory damages in the amount of $15,000 against each defendant, Jointly and Severally.

34. Plaintiff John Barber also Seeks Punative damages in the amount of $60,000 against each defendant.

35. A Jury trial on all issues triable by Jury.

36. Plaintiffs Costs in the Suit

37. Any additional relief this court deems Just, Proper and equitable.

Dated: 12/8/13

    Respectfully Submitted

    John Barber #84612
    NHSP. Po Box 14
    Concord NH 03302

## Verification

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Concord New Hampshire on 12/8/13

John Barber

*/s/ John Barber*

# GRIEVANCE FORM
(See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE 03302



**JEANNE SHAHEEN**
**GOVERNOR**

RECEIVED
APR 30 2013
[WARDEN'S OFFICE]

**COMMISSIONER**

1. Date: 4-28-13
2. **GRIEVIANT:** John Barber
3. Number: Prison ID 84612
4. Address: 99 North RD Brentwood NH 03833
5. Brief Description of Grievance: On 3-22 I was put in medical ISO 3 Because a officer allowed another Inmate (Gollie) to come into my SHU cell A7 and assault me. when I got to medical I was given a mattress Pillow Sheets & Blankets All on the Floor. I was locked in there till Saturday night 3-23. Then I was allowed out for a 3 minute shower and then locked back in ISO3 till Monday 3-25 when I was allowed out for a 10 minute shower Then I was told to return to my cell. That was the last time I was allowed out till 3-28 when I was sent to RCDOC. Every time I asked both 1st & 2nd shift for out of cell time I was told "no you cares and medical isnt made for SS's" or "I will see what I can do for you" In my 6 days in medical I was allowed out Roughly 15 minutes total. I understand I was put there for my safety but I should have been safe in SHU. I still had Rights even though I was housed in medical. I Feel the treetment I recieved in medical for 6 Days was and is cruel and un usual punishment.

Signature: Jo Barb
(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

---

To: **DIRECTOR** (Warden)    Date of Director's Action: 4/30/13

Director's Action: Although your placement in HSC ISO may have been uncomfortable for you, it does not constitute cruel & unusual punishment. Grievance is denied. Due to the uniqueness of the situation I determined that for your safety movement to another facility was necessary.

Authentication: [signature]

---

To: **COMMISSIONER**    Date of Commissioner's Action: _____

Commissioner's Action: _____

_____

_____

_____

_____

_____

Authentication: _____

(FORWARD ALL THREE COPIES. WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER AND PINK TO GRIEVANT.)

SP-52

# GRIEVANCE FORM
(See Reverse For Instructions)

DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE  03302



JEANNE SHAHEEN
GOVERNOR

MAY 07 2013
MAY 07 2013

(COMMISSIONER)

2. **GRIEVIANT:** John Barber
4. **Address:** 99 North Rd Brentwood NH 03833
1. **Date:** _____
3. **Number:** Prison ID # 84612

5. **Brief Description of Grievance:** On 3-22-13 I was put in medical (ISO3) because a officer allowed another inmate (Collier) to come in my cell and assault me when I got to medical I was given a mattress, pillow, sheets, and blankets all on the floor I was locked in there till 3-23-13 when I was allowed a 3 minute shower and then locked back in Iso 3 till 3-26-13 when I was allowed out for a 10 minute shower then told to return to my cell. That was the last time I was allowed out till 3-28 when I was moved to RcDOC Every day from 3-23 to 3-28 I asked Both 1st + 2nd shift for my hour out of out of cell time. I was always told no you are C5 medical isn't made for C5's or I will see what I can do for you. In the 6 days I was In Iso 3 I was only aloud out for roughly 15 min. I understand I was put in medical for "my safety" But I should have been safe in SHU. Eventhough I was housed in medical I still had rights and I feel my rights were violated.

Signature: _____ (You will be penalized if statement is untrue)

Please return page with the Wardens Decission on it which is enclosed

(Use Attachments if necessary.)

---

To: **DIRECTOR (Warden)**              Date of Director's Action: _____

Director's Action: _____

Authentication: _____

---

To: **COMMISSIONER**                   Date of Commissioner's Action: 5/13/13

Commissioner's Action: It is unfortunate that your housing in the Health Services Center was necessary. However institutional security and your safety come first. What was done was necessary and resolved as quickly as possible. Grievance is denied.

Authentication: Chris Kench

(FORWARD ALL THREE COPIES.  WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER AND PINK TO GRIEVANT.)

SP-52

# GRIEVANCE FORM
(See Reverse For Instructions)



DEPARTMENT OF CORRECTIONS
STATE OF NEW HAMPSHIRE
P.O. Box 14
CONCORD, NEW HAMPSHIRE 03302

RECEIVED
APR 30 2013
NHSP/M
WARDEN'S OFFICE

JEANNE SHAHEEN
GOVERNOR

COMMISSIONER

1. Date: 4-28-13
2. GRIEVIANT: John Barber
3. Number: Prison ID 84612  IN, SHV
4. Address: 98 North Rd Brentwood NH 03833
5. Brief Description of Grievance: On 3-22 c/o hill opend my cell door Alpha 1 and allowed another Inmate (collier) to come into my cell and assault me. Before my cell door was opend Hill passed out books to A-tier with Collier by his side holding the toilet snake when he made it back to the beginning of the tier he stopped at my cell (A-1) and said something along the lines of "Your toilet is clogged Right" I said No It isn't" he then said "I think it is" then he said over the radio open A1 and then walked twoards cell 8. when the door opend Collier came in, put the snake down and began to assault me. while that was going on I heard keys jingleing then heard c/o hill tell Collier to stop. Collier then picked up the snake and exited my cell c/o hill stood there for a few more seconds then exited and shut A1. c/o Hill never wrote any reports inregards to the assault later that night I went to medical and let them know about the assault

Signature: [signature]
(You will be penalized if statement is untrue)

(Use Attachments if necessary.)

To: **DIRECTOR** (Warden)         Date of Director's Action: 4/30/13

Director's Action: As I previously informed you, this matter is under investigation by the Investigations Unit. Since this investigation involves a staff member, I cannot provide any further details at this time, However it is being addressed in accordance w/ policy.

Authentication: [signature]

To: **COMMISSIONER**         Date of Commissioner's Action: _____

Commissioner's Action: _____

Authentication: _____

(FORWARD ALL THREE COPIES. WHITE WILL BE FILED IN OFFENDER RECORDS, CANARY TO RESPONDER AND PINK TO GRIEVANT.)

SP-52