```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

John Barber

   v.                                          Civil No. 14-cv-98-JL

Richard Gerry, Warden,
New Hampshire State Prison,
and Brian Hill


### REPORT AND RECOMMENDATION

Before the court is plaintiff John Barber's motion for a preliminary injunction (doc. no. 38).  Defendant Richard Gerry objects (doc. no. 36).

### Background

In this action, Barber alleges that defendant Brian Hill, a former corrections officer, facilitated and allowed another inmate to assault Barber on March 22, 2013, while Barber was housed in the Special Housing Unit ("SHU") of the New Hampshire State Prison ("NHSP").  Barber asserts that since he filed this action, he has been treated "atypically," and subjected to "campaigned harassment," by corrections officers in SHU.  Barber

does not describe the specific treatment which he claims is atypical or harassing, and states only that he does not feel safe at the NHSP.  Barber seeks transfer to a county jail until this action is resolved, or until he is released from incarceration.

### Preliminary Review Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  To obtain an injunction, a plaintiff must demonstrate that he will suffer irreparable harm, absent the issuance of an injunction. See Voice of the Arab World, Inc v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 43 (1st Cir. 2010) ("'federal court cannot dispense with the irreparable harm requirement in affording injunctive relief'" (citation omitted)).

**Discussion**

Barber has failed to assert any facts which demonstrate that he will be subject to irreparable harm if the court does not grant him the injunctive relief he seeks.  Barber does not describe any specific treatment he has received from any current NHSP officer that would allow the court to find, or reasonably infer, that if the court fails to issue the requested injunction, Barber will face any harm, much less irreparable harm.  Barber's conclusory and nonspecific allegations of harassment and "atypical" treatment by NHSP officers fail to satisfy Barber's burden to demonstrate entitlement to a preliminary injunction.

**Conclusion**

For the foregoing reasons, this court recommends that the district judge deny Barber's motion for a preliminary injunction (doc. no. 38).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins.

Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 13, 2014

cc: John Barber, pro se
    Francis Charles Fredericks, Esq.
    Brian Hill, pro se