**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


John Barber

     v.                                    Civil No. 14-cv-98-JL

Richard Gerry, Warden, New
Hampshire State Prison, et al.


## REPORT AND RECOMMENDATION

Before the court for preliminary review is an addendum to the complaint (doc. no. 63), filed by plaintiff, John Barber, an inmate at the New Hampshire State Prison ("NHSP").  The addendum was originally docketed as a motion to amend the complaint, and in an Order issued on this date, the court granted the motion. The court has construed the assertions in the motion to amend as an addendum to the complaint, which is before the court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

## Background

In his original complaint (doc. no. 1), plaintiff initially asserted two claims alleging violations of his Eighth Amendment rights.  First, Barber asserted, on March 22, 2013, NHSP Corrections

Officer ("C.O.") Brian Hill failed to protect Barber from harm by allowing Barber to be assaulted in his cell by another inmate. Second, Barber claimed that he was subjected to inhumane conditions of confinement in the NHSP's Health Services Center.  In his original complaint (doc. no. 1), Barber named Hill and NHSP Warden Richard Gerry as defendants to this action.

On May 5, 2015, Barber filed a stipulation of dismissal (doc. no. 57), dismissing Hill from this action with prejudice.  Now, in an addendum to the complaint (doc. no. 63), Barber seeks to add defendant C.O. David Biondi to this action.  Barber asserts that, during the internal NHSP investigation of the March 22, 2013, assault, Biondi provided a statement to investigators indicating that he bore, and accepted, some responsibility for the assault, as he had opened Barber's cell door, allowing the assault to occur.

Barber also asserts that Gerry bears responsibility for the assault due to his failure to fulfill his responsibility to properly train and supervise defendant Hill.  Specifically, Barber states that Hill was stationed on the Secure Housing Unit, where maximum security inmates are held, without having familiarized himself with the particular rules of that unit, and without having been trained in the management of maximum security inmates.  Barber alleges that Gerry was responsible for insuring that Hill had been properly trained in those matters, and failed to do so.

2

## Discussion

### I.   C.O. David Biondi

The facts alleged in the complaint addendum are sufficient to assert a claim against Biondi for failure to protect Barber, in violation of Barber's Eighth Amendment rights.  Accordingly, in an Order issued simultaneously with this Report and Recommendation, the court directs service of the complaint (doc. no. 1) and complaint addendum (doc. no. 63) upon Biondi.

### II.   Warden Richard Gerry

#### A.   Eighth Amendment Claim

Claims asserted against a supervisor, in an action brought pursuant to 42 U.S.C. § 1983, may not be based on a theory of respondeat superior.  See Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014).  Instead, claims against prison supervisors must be based on the supervisor's own acts or omissions constituting "'supervisory encouragement, condonation or acquiescence, or gross negligence of the supervisor amounting to deliberate indifference.'"  Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (alteration and citation omitted). Barber has not asserted facts to demonstrate that Gerry was personally involved in, aware of, or deliberately indifferent to the proper

3

training of Hill concerning unit policies and management of maximum security inmates.  Barber's conclusory statements that Gerry is responsible for failing to adequately train and supervise Hill, unaccompanied by specific factual allegations as to Gerry's knowledge of Hill's training, and actions that specifically placed Hill on Barber's unit without that training, fail to state a constitutional violation actionable under § 1983.  Accordingly, the Eighth Amendment failure to protect claim asserted against Gerry should be dismissed from this action.

    B.   <u>State Law Claims</u>

To the extent Barber may have intended to assert state law claims for negligent failure to train and supervise against Gerry, the court should decline to exercise its supplemental jurisdiction over those claims, as the related federal claims should be dismissed from this action.  See 28 U.S.C. § 1367. Any intended state law claims against Gerry should be dismissed from this action without prejudice to Barber's ability to raise those issues in a state court action.

## **<u>Conclusion</u>**

For the foregoing reasons, the court recommends that the Eighth Amendment failure to protect claims be dismissed from this action, and that the court decline to exercise its

supplemental jurisdiction over any related state law claims asserted against Gerry, which should be dismissed from this action without prejudice.  In an Order issued this date, the court directs service of this action upon C.O. David Biondi.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

July 16, 2015

cc:  John Barber, pro se
     Brian Hill, pro se
     Francis Charles Fredericks, Esq.