**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


John Barber

    v.                                                         Civil No. 14-cv-98-JL

Richard Gerry, Warden, New
Hampshire State Prison, et al.


**REPORT AND RECOMMENDATION**


    John Barber brought this action, pursuant to 42 U.S.C.

§ 1983, against New Hampshire State Prison ("NHSP") Warden

Richard Gerry and a former NHSP corrections officer, Brian Hill,

in their individual capacities, alleging Eighth Amendment

violations for failing to protect Barber from harm, and

subjecting Barber to inhumane conditions of confinement at the

NHSP Health Services Center ("HSC").[1]  Before the court for a

report and recommendation as to disposition is defendant Gerry's

motion to dismiss (doc. no. 42) for failure to state a claim,

filed pursuant to Fed. R. Civ. P. 12(b)(6).  See LR 72.1.

---

    [1]Defendant Hill has been dismissed from this action by
stipulation.  See Doc. No. 57 (Stipulation of Dismissal); May 6,
2015, Order (approving Stipulation of Dismissal).  The court
has, in an Order issued this date, authorized service of the
complaint (doc. no. 1) and complaint addendum (doc. no. 63) upon
another NHSP corrections officer, David Biondi, in regard to the
failure to protect claim.

Barber objects.  <u>See</u> Doc. No. 46.

## **Background**

On March 22, 2013, Barber was a maximum security inmate

housed in NHSP's Secure Housing Unit ("SHU").  Barber alleges

that on March 22, 2013, former corrections officer Brian Hill

permitted another inmate to assault him.  Following the assault,

Barber notified a nurse at the HSC of the circumstances of the

assault, and the matter was reported to NHSP officials.  Based

on the nature of the allegations, and the involvement of a

corrections officer, Gerry ordered that Barber be housed in the

HSC and placed in isolation for Barber's safety.  Barber

remained at the HSC until March 28, 2013, when he was

transferred to another facility.

During Barber's six-day confinement in the HSC, he was

allowed out of his isolation cell only twice, to shower, once

for three minutes and once for ten minutes.  Barber requested,

but was denied, additional out-of-cell time, additional showers,

clean clothes, toothpaste, a toothbrush, cleaning supplies to

clean his cell, and a phone call to his family.  In response to

Barber's requests for these things, he was told that "medical

isn't made for [maximum security] inmates" or "I'll see what I

can do" or "no."  On March 28, 2013, Barber was transferred to

the Rockingham County House of Corrections until the NHSP

investigation into the March 22, 2013, assault was completed.

## Discussion

### I.   Motion to Dismiss Standard

In ruling on a motion to dismiss under Fed. R. Civ. P.

12(b)(6), the court must consider whether the factual content in

the complaint and inferences reasonably drawn therefrom, taken

as true, state a claim to relief.  Hernandez-Cuevas v. Taylor,

723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)).  In doing so, the court disregards

any legal conclusions in the complaint. Hernandez-Cuevas, 723

F.3d at 102-03.  The court is generally limited to considering

"'facts and documents that are part of or incorporated into the

complaint,'" as well as "'documents incorporated by reference in

[the complaint], matters of public record, and other matters

susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d

59, 65 (1st Cir. 2008) (citations omitted).  As Barber is

proceeding pro se in this action, the court must construe his

pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94

(2007).

II.   <u>Conditions of Confinement</u>

"The Eighth Amendment prohibits prison officials from depriving inmates of 'the minimal civilized measure of life's necessities.'"  <u>Brown v. Plata</u>, 131 S. Ct. 1910, 1959 (2011) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347).  Barber claims that Gerry's order that he be housed in HSC in an isolation cell for six days, and the denial of out-of-cell time, showers, clean clothes, toothpaste, a toothbrush, cleaning supplies, and a phone call to his family, violated the Eighth Amendment.

An Eighth Amendment inhumane conditions of confinement claim has an objective and subjective component.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  To satisfy the objective component of an inhumane prison conditions claim, the deprivations alleged must be "extreme."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  The duration of allegedly unconstitutional conditions of confinement "may affect the Eighth Amendment calculus."  <u>Suprenant v. Rivas</u>, 424 F.3d 5, 20 (1st Cir. 2005) (citing <u>Hutto v. Finney</u>, 437 U.S. 678, 687 (1978) (unpleasant conditions of confinement "might be tolerable for a few days and intolerably cruel for weeks and months.").

4

The subjective component of an Eighth Amendment claim
requires the plaintiff to demonstrate that the prison officials
acted with deliberate indifference to the plaintiff's health or
safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994);
Wilson, 501 U.S. at 298-99.  "[T]he official involved must have
had a 'sufficiently culpable state of mind,' described as
'deliberate indifference' to inmate health or safety."  Giroux
v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations
omitted).  "'[A] prison official cannot be found liable under
the Eighth Amendment for denying an inmate humane conditions of
confinement unless the official knows of and disregards an
excessive risk to inmate health or safety.'"  Id. (quoting
Farmer, 511 U.S. at 834).

    A.    Objective Component

    Barber was deprived of out-of-cell time, showers, a change
of clothing, a toothbrush and toothpaste, cell cleaning
supplies, and a telephone call to his family for six days while
housed in the HSC, prior to his transfer out of the NHSP.
Barber does not allege that he suffered any harm, or that he was
subject to any risk of serious harm as a result of these
deprivations.  The six-day deprivations alleged are not, as a

5

matter of law, of sufficient seriousness or duration to satisfy

the objective component of the Eighth Amendment test.  See

Fantone v. Herbick, 528 F. App'x 123, 127 (3d Cir. 2013) (denial

of telephone privileges, outdoor exercise, and a razor, for

forty-six days, does not amount to cruel and unusual

punishment); Richmond v. Settles, 450 F. App'x 448, 455 (6th

Cir. 2011) (six days without a shower and personal hygiene items

not actionable (citation omitted)); Brown v. Lamanna, 304 F.

App'x 206, 207 (4th Cir. 2008) ("With regard to lack of

recreation, an inmate must show specific harm resulting from the

deprivation and a complete denial for an extended period of

time."); Pearson v. Ramos, 237 F.3d 881, 884 (7th Cir. 2001)

(denial of yard privileges for up to ninety days at a time is

not cruel and unusual punishment); Hightower v. Vose, 95 F.3d

1146, 1996 WL 516123, at *2, 1996 U.S. App. LEXIS 24041, at *6

(1st Cir. 1996) (unpublished table decision) (denial of shower

for eight days is a de minimis imposition that does not

implicate constitutional concerns); Knight v. Armontrout, 878

F.2d 1093, 1095-96 (8th Cir. 1989) (thirteen days without

recreation does not violate the Eighth Amendment); Oliver v.

Dep't of Corrs., No. 3:13CV-P820-H, 2014 U.S. Dist. LEXIS 10627,

at *11 (W.D. Ky. Jan. 29, 2014) (denial of change of clothing for nine days does not constitute Eighth Amendment violation); Cole v. Thyng, No. 11-cv-018-JL, 2011 U.S. Dist. LEXIS 139159, at *25-26 (D.N.H. Nov. 8, 2011) (short-term deprivation of out-of-cell time does not violate the Eighth Amendment), report and recommendation adopted, 2011 U.S. Dist. LEXIS 139099, at *1 (D.N.H. Dec. 2, 2011); Johnson v. Poulin, No. 07-cv-161-PB, 2008 U.S. Dist. LEXIS 9254, at *23-24 (D.N.H. Apr. 24, 2008) (deprivation of personal hygiene items for ten days did not constitute cruel and unusual punishment), aff'd on other grounds, Johnson v. Thyng, 369 F. App'x 144, 149 (1st Cir. 2010); Dolberry v. Levine, 567 F. Supp. 2d 413, 417 (W.D.N.Y. 2008) (denial of showers and cleaning supplies for several weeks did not give rise to a constitutional violation).

Barber has failed to state sufficient facts to satisfy the objective component of an Eighth Amendment claim in regard to the conditions of his confinement in the HSC.  The conditions of confinement claim is subject to dismissal on that basis.

B.   Subjective Component

Even if Barber could allege that the conditions in the HSC presented a significant risk to his health and safety, Barber

7

has failed to state facts demonstrating that Gerry was aware of any of the specific deprivations of which Barber complains, and failed to take steps to address those deprivations.  To the contrary, Gerry responded to the risk to Barber's safety in SHU by placing him to the HSC, where he would be safe.  While Barber has alleged that Gerry knew that the HSC was not equipped to house maximum security inmates, an allegation regarding that knowledge, per se, does not show or give rise to a reasonable inference that Gerry knew that conditions in the HSC would present a substantial risk of serious harm to Barber for the duration of his temporary stay.  Accordingly, Barber's pleadings do not state an Eighth Amendment claim with respect to the conditions of Barber's confinement in the HSC, and for that reason, Gerry's motion to dismiss (doc. no. 42) should be granted, to the extent it seeks dismissal of that conditions of confinement claim.

## III. <u>Failure to Protect</u>

A separate Report and Recommendation ("R&R") issued on this date recommends dismissal of Barber's failure to protect claim, pursuant to 28 U.S.C. § 1915A(a), to the extent it is asserted against defendant Gerry.  The same reasons asserted in that R&R

for dismissing the failure to protect claim as to Gerry are incorporated herein by reference.  The district judge, for those reasons, should grant Gerry's motion to dismiss the failure to protect claim asserted against him.

## Conclusion

For the foregoing reasons, the district judge should grant defendant Gerry's motion to dismiss (doc. no. 42), and defendant Gerry should be dropped from this action.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge

July 16, 2015

cc:   John Barber, pro se
      Brian Hill, pro se
      Francis Charles Fredericks, Esq.