**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

John Barber

    v.                                    Case No. 14-cv-98-JL

David Biondi

**REPORT AND RECOMMENDATION**

    Through the mechanism of 42 U.S.C. § 1983, John Barber, an inmate in the New Hampshire State Prison ("NHSP" or "prison"), has sued corrections officer ("CO") David Biondi.  Barber claims that CO Biondi violated his rights under the Eighth Amendment to the United States Constitution by opening the door to his cell, which facilitated an assault on Barber by another inmate. Before the court for a report and recommendation is defendant's motion to dismiss (doc. no. 73).  Plaintiff objects (doc. no. 74).  For the reasons that follow, it is recommended that defendant's motion to dismiss be granted.

**The Legal Standard**

    Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing on "'not whether [plaintiff] will ultimately prevail' . . . but

whether his complaint was sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 529-30 (2011) (internal citation omitted) 416 U.S. 232, 236 (1974). When considering such a motion, a trial court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the pleader's favor." Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st Cir. 2014) (citing Tasker v. DHL Ret. Sav. Plan, 621 F.3d 34, 38 (1st Cir. 2010)). To survive a Rule 12(b)(6) motion, a "complaint must contain enough factual material to raise a right to relief above the speculative level . . . and state a facially plausible legal claim." Guerra-Delgado, 774 F.3d at 780 (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

Unless otherwise indicated, the facts recited in this section are drawn from Barber's complaint, which consists of document nos. 1 and 63. See Order, Doc. No. 66 at 2.

At all times relevant to this action, Barber was housed in the NHSP's Secure Housing Unit ("SHU") and was classified as "a max inmate (C5)," Compl., Doc. No. 1, ¶ 8. On March 22, 2013,

when CO Biondi was working in the control room, CO Brian Hill asked CO Biondi, over his radio, to remotely open the door to Barber's cell.  CO Biondi did so.  CO Hill allowed inmate Scott Collier to enter Barber's cell and then walked away.  While alone in the cell with Barber, Collier struck Barber multiple times with closed fists.  Thereafter, CO Hill returned to Barber's cell and told Collier to stop hitting Barber.  Collier did so.  CO Hill and Collier exited Barber's cell, and CO Hill asked CO Biondi, again by radio, to close the door to Barber's cell.  CO Biondi did so.  CO Hill was originally named as a defendant in this case, but has been dismissed by stipulation. See Doc. No. 57.

On April 29, 2013, CO Biondi made the following statements to NHSP investigator Marc Marchand concerning the March 22 incident:

> I was in the Control Room.  I take responsibility for being in the Control [Room] and what happened um, as far as me opening up the cell door.

Mot. to Amend, Doc. No. 63 at 2.  In his objection to defendant's motion to dismiss, plaintiff says that Collier told Marchand: "you know, Biondi knew what time it was, knew that I . . . you know had the issue and needed my radio back."  Pl.'s Obj, Doc. No. 74, ¶ 3.

This action followed.  The only claim remaining in the case is Barber's claim that CO Biondi violated his Eighth Amendment right to be free from cruel and unusual punishment by opening the door to his cell, which created the opportunity for Collier to assault him.

## Discussion

CO Biondi moves to dismiss, arguing that Barber has failed to allege facts sufficient to support a claim that CO Biondi acted with deliberate indifference to a substantial risk of serious harm to Barber.  In his objection, plaintiff relies upon several statements drawn from Marchand's report that were attributed to Collier.  This court agrees with defendant that plaintiff has failed to state a claim upon which relief can be granted.

"Under the Eighth Amendment, 'prison officials have a duty to protect prisoners from violence at the hands of other prisoners.'"  Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994); citing Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  That said,

> a prison official violates an inmate's Eighth
> Amendment right against cruel and unusual punishment

4

> "based on a failure to prevent harm" to the inmate
> only under two circumstances: "the inmate must show
> that he is incarcerated under conditions posing a
> substantial risk of serious harm," and the prison
> official must have acted, or failed to act, with
> "deliberate indifference to inmate health or safety."

Lakin, 758 F.3d at 70 (quoting Farmer, 511 U.S. at 834).

Moreover,

> [t]he "deliberate" part of "deliberate indifference"
> [has been] defined by the Supreme Court as requiring
> that a prison official subjectively "must both be
> aware of facts from which the inference could be drawn
> that substantial risk of serious harm exists, and he
> must also draw the inference."

Burrell v. Hampshire Cty., 307 F.3d 1, 8 (1st Cir. 2002)

(quoting Farmer, 511 U.S. at 837).  And, in addition, "[p]rison

officials cannot be indifferent . . . if they are unaware of the

risk."  Burrell, 307 F.3d at 8.

In Giroux v. Somerset Cty., 178 F.3d 28 (1st Cir. 1999),

the court of appeals reversed a grant of summary judgment to the

defendant in a § 1983 action in which a prison inmate, under

protective custody, asserted an Eighth Amendment violation based

upon his having been left alone in a holding cell with another

inmate who assaulted him.  The court of appeals subsequently

characterized Giroux this way:

> In Giroux, jail officials inexplicably introduced a
> person posing a known danger, another inmate who had
> repeatedly threatened Giroux, into the holding cell
> where Giroux was being kept.  They did so after taking

> actions which they appear to have known would tar
> Giroux as an informant and thereby increase the risk
> to him. <u>Giroux</u>, 178 F.3d at 29-30.

<u>Burrell</u>, 307 F.3d at 9; <u>see also</u> <u>Mosher v. Nelson</u>, 589 F.3d 488,

494 (1st Cir. 2009) (describing <u>Giroux</u> the same way).

Here, while plaintiff alleges that he was housed in SHU, he

does not allege that he was in protective custody. Nor does he

allege that CO Biondi had any reason to believe that CO Hill

would let Collier into his cell or that Collier posed a known

risk to Barber.[1] Nothing in the complaint suggests that CO

Biondi was aware of any threat Collier posed to Barber.

Plaintiff merely alleges that if "Biondi didn't open the cell

door the assault would have never taken place." Mot. to Amend,

Doc. No. 63 at 2. That may be true, but more than "but for"

causation is necessary to state a claim for deliberate

indifference. <u>See</u> <u>Lakin</u>, 758 F.3d at 70; <u>Burrell</u>, 307 F.3d at

8. Because plaintiff has not adequately alleged sufficient

knowledge on CO Biondi's part to qualify his state of mind as

deliberate indifference to plaintiff's safety, plaintiff has

---

[1] Barber does allege that the March 22 "incident was not the first incident where Defendant Brian Hill witnessed inmate Collier assault the plaintiff John Barber," Compl., Doc. No. 1, ¶ 14, but he does not allege that CO Biondi was aware of any previous assaults by Collier.

failed to state an Eighth Amendment claim upon which relief can be granted against CO Biondi.

## Conclusion

For the reasons detailed above, it is recommended that the district judge grant CO Biondi's motion to dismiss (doc. no. 73).  Moreover, as the claim against CO Biondi is the only claim in this case that has not previously been dismissed, it is further recommended that this case be closed.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge

December 1, 2015

cc:  John Barber, pro se
     Francis Charles Fredericks, Esq.

7